IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARC LEVIN                                                                                    PLAINTIFF

v.                                                                  CAUSE NO. 1:15CV278-LG-RHW

HUNTINGTON INGALLS, INC.                                                          DEFENDANT

## ORDER DENYING MOTION TO RECONSIDER

BEFORE THE COURT is the plaintiff's Motion [47] to Reconsider the Court's Memorandum Opinion and Order [43] granting summary judgment in favor of the defendant.  The Court examined Plaintiff Levin's employment discrimination claims under the ADA and the FMLA, finding no question of material fact concerning whether, *inter alia*, Defendant Huntington Ingalls had violated the FMLA by failing to reinstate him to his position as a grinder.  Levin argues in this Motion that the Court must have overlooked the possibility that he could have been reinstated to an "equivalent job in the bike shop in June 2014," and therefore breached the FMLA by failing to return him to the equivalent job.  (Mot. to Reconsider 2, ECF No. 47).

Huntington Ingalls responds that Levin did not raise this issue in his response to the summary judgment motion, and the Court need not entertain a new argument on reconsideration, citing *Templet v.HydroChem Inc.*, 367 F.3d 474, 479 (5th Cir. 2004) (reconsideration under Fed. R. Civ. P. 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").  In the alternative, Huntington Ingalls argues that it had no duty to reinstate Levin to a position in the bike shop, because that position is not "equivalent" to the grinder position.  Instead it is light duty

work of picking up trash and painting.

Levin's specific argument was not raised during the briefing, but the Court briefly noted the general issue and controlling law in its opinion:

> At the end of August 2014, Levin was still under the unprotected height and confined space restrictions that made him ineligible for any grinder jobs in the shipyard. (Def. Mot. Ex. D 1, ECF No. 37-4; Pl. Resp. Ex. C 24, ECF No. 41-3). An employer does not violate the FLMA by refusing to reinstate an employee who is physically incapable of performing his duties. *Johnson v. Houston's Rest., Inc.*, 167 F. App'x 393, 396 (5th Cir. 2006).

(Mem. Op. & Order 15, ECF No. 43).

As Huntington Ingalls argues, the FMLA does not entitle Levin to placement in a position with different duties. "When the employee returns timely, the employer must reinstate him to the same position as previously held or a comparable position with equivalent pay, benefits, and working conditions." *McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 231 (5th Cir. 2015) (quotation marks and citations omitted). "Although an employer generally is required to restore the employee to the same or an equivalent position . . . , 29 U.S.C. § 2614(a)(1), if the employee is unable to perform his duties at the expiration of the twelve weeks, he is not entitled to such reinstatement." *Newcomb v. Corinth Sch. Dist.*, No. 1:12-CV-00204-SA-DAS, 2015 WL 1505839, at *3 (N.D. Miss. Mar. 31, 2015) (citing *Johnson*, 167 F. App'x at 396).

It was undisputed that the restrictions in place on Levin in June 2014, prohibited him from performing his duties as a grinder. The FMLA did not entitle him to reinstatement to any position under those circumstances. *See Silva v. City of*

*Hidalgo, Tex.*, 575 F. App'x 419, 425 (5th Cir. 2014) (no FMLA right to be placed in a new, non-equivalent position).  Accordingly, there is no basis for reconsideration of the Court's decision regarding Levin's FMLA claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's Motion [47] to Reconsider is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of October, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE